U.S. BANKRUPTCY COURT
NORTHERN DISTRICT OF TEXAS

**ENTERED**
TAWANA C. MARSHALL, CLERK
THE DATE OF ENTRY IS
ON THE COURT'S DOCKET

**The following constitutes the order of the Court.**

Signed June 7, 2006



**United States Bankruptcy Judge**

___

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| IN RE: | § § | |
| THE HERITAGE ORGANIZATION, L.L.C., | § § § § | CASE NO. 04-35574-BJH-11 |
| Debtor. | § § § | |

**MEMORANDUM OPINION AND ORDER**

Before the Court is the Trustee's Motion for Approval of Compromise and Settlement with Mikron Industries, Inc. and the Sandwith Claimants (the "Motion"). The Motion is opposed by several creditors (the "Objectors"), all of which are affiliated, in some manner, with Gary Kornman ("Kornman"), the former chief executive officer and president of the manager of The Heritage Organization, L.L.C. (the "Debtor"). The Court heard the Motion on May 24, 2006. The Court has core jurisdiction over the Motion in accordance with 28 U.S.C. §§ 1334 and 157(b). This

Memorandum Opinion and Order contains the Court's findings of fact and conclusions of law on the Motion.

## I.     Background Facts

The Debtor commenced this bankruptcy case (the "Case") on May 17, 2004 (the "Petition Date") by filing its voluntary petition under Chapter 11 of the United States Bankruptcy Code. On August 13, 2004, the Court entered an order directing the appointment of a Chapter 11 trustee. On August 16, 2004, the U.S. Trustee appointed Dennis S. Faulkner as the Chapter 11 trustee (the "Trustee"), which appointment was confirmed by order entered on or about August 18, 2004.

Prior to the Petition Date, the Debtor's operations consisted primarily of the marketing and sale of certain financial, estate, and income tax planning strategies to high net-worth individuals. W. Ronald Sandwith ("Sandwith") was a successful businessman who, among other things, founded Mikron Industries, Inc. ("Mikron"), a Washington corporation that manufactures various window components. As of November 2002, Mikron was a closely-held family business. In December 2004, Mikron merged with a subsidiary of Quanex Corporation ("Quanex"), with the then-existing shareholders of Mikron exchanging their Mikron stock for certain cash consideration and with Mikron emerging as the surviving corporation wholly-owned by Quanex.

In November 2002, the Debtor entered into agreements (the "Sandwith Agreements") with Sandwith and his children and their spouses (the "Sandwith Children"), pursuant to which the Debtor presented certain estate planning strategies to them (the "Strategies"). In December 2002, the Strategies were used by the Sandwith Agreement Parties.[1] Accordingly, and pursuant to the Sandwith Agreements, the Sandwith Agreement Parties owed the Debtor fees for utilizing the

---

[1] Capitalized terms not defined herein shall have the meaning ascribed to them in the Motion.

**Memorandum Opinion and Order**                                                                                                    **Page 2**

Strategies. To that end, Mikron paid, on behalf of the Sandwith Agreement Parties, the sum of $6,000,000.00 (the "Initial Payment"). In addition, Sandwith and Mikron jointly executed a promissory note in the face amount of $5,386,919.00, made payable to the Debtor, and having a maturity date of the earlier of (i) January 2, 2005, or (ii) thirty (30) days after Sandwith's death (the "Note").

In May 2003, Sandwith passed away, and shortly thereafter a probate proceeding was commenced in the state of Washington (the "Probate Proceeding") for the administration of Sandwith's estate (the "Sandwith Estate"). During the latter part of 2003, a dispute arose between the Sandwith Children/Sandwith Estate (collectively, the "Sandwith Claimants") and the Debtor concerning the fee owed by the Sandwith Agreement Parties for their use of the Strategies. Among other things, the Sandwith Claimants asserted that they had overpaid the Debtor under the terms of the Sandwith Agreements and, therefore, were entitled to a partial refund of the Initial Payment and the cancellation of the Note. In contrast, the Debtor asserted that it was entitled to the full payment of the Note.

While litigation was filed to collect the Note shortly before the Petition Date, the litigation was met with the filing of an arbitration demand by Mikron and the Sandwith Claimants with the American Arbitration Association (the "Arbitration"). On September 13, 2004, following the commencement of the Case, the Sandwith Claimants filed proofs of claim in the Case, asserting claims against the Debtor in the collective amount of $2,155,352.00 (the "Sandwith Claims").

Following the Trustee's appointment, the Trustee commenced an investigation into the background of the Sandwith Agreements, the Sandwith Claims, and the issues surrounding collection of the Note. During the initial stages of the investigation, the Trustee learned that Kornman was the

employee of the Debtor principally involved in dealing with the Sandwith Agreement Parties. This fact has complicated the Trustee's investigation, as Kornman is the subject of a pending criminal indictment which has caused him to decline to testify on matters involving the Debtor's operations, as is his right under the Fifth Amendment.

After conducting some investigation of the facts and legal issues surrounding the Sandwith Agreements, in May 2005, the Trustee filed a claim against the Sandwith Estate in the Probate Proceeding in order to collect the Note. And, in July 2005, the Trustee filed an objection to the allowance of the Sandwith Claims in the Case. Finally, in October 2005, the Trustee filed an adversary proceeding in this Court against Mikron to collect the Note.

Mikron has answered the Trustee's complaint, and has asserted, among others, the following defenses: (i) that it signed the Note as an accommodation party, (ii) that the Note's issuance was conditional in nature (having been issued for a special purpose subject to cancellation or modification following the completion of certain property appraisals), (iii) misrepresentation, (iv) estoppel, (v) lack or failure of consideration, (vi) unauthorized practice of law/impermissible dealings between an attorney and client, (vii) limitations under Washington state probate provisions, and (viii) the unlicensed brokering of business opportunities under Washington state law.

In December 2005, the Trustee filed the Trustee's Motion for Partial Summary Judgment in the adversary proceeding (the "Summary Judgment Motion"). With the Trustee's consent, Mikron has not responded to the Summary Judgment Motion. The Trustee agreed that Mikron did not need to respond to the Summary Judgment Motion because the parties were engaged in settlement negotiations, which were ultimately successful and led to the filing of the Motion. In essence, the settlement provides that the Sandwith Claimants will withdraw their approximately $2.1 million in

proofs of claim against the estate and will pay $2 million of the approximately $8.5 million that is outstanding on the Note, including accrued interest.

**II.    Legal Analysis**

While the Trustee and the Objectors disagree on the reasonableness of the proposed settlement, they do agree on the legal standard that this Court must apply when evaluating it. In short, the parties agree that this Court must apply a three-part test in evaluating the proposed settlement. The Court must analyze: (1) the probability of success in the litigation, with due consideration for any uncertainy in fact and law; (2) the complexity, and likely duration of the litigation, and any attendant expense, inconvenience and delay; and (3) all other factors bearing on the wisdom of the compromise. *See Official Comm. Of Unsecured Creditors v. Cajun Elec. Power Coop, Inc., (In re Cajun Electric Power Coop., Inc.*), 119 F.3d 349, 356 (5th Cir. 1997); *Rivercity v. Herpel (In re Jackson Brewing Co.)*, 624 F.2d 599, 602 (5th Cir. 1980). In considering "all other factors bearing on the wisdom of the compromise," the Fifth Circuit has explained that the Court should consider the best interest of creditors, with proper deference to their reasonable views, and the extent to which the settlement is truly the product of arms-length bargaining, and not of fraud or collusion. *Cajun Elec.*, 119 F.3d at 356.

The Court has struggled to apply this test here for several reasons. First, Mikron has not responded to the Summary Judgment Motion. And, while Mikron has answered the complaint and has asserted several affirmative defenses, its answer is cryptic at best and no briefing has been provided to the Court with respect to those defenses. Moreover, many of Mikron's defenses are technical in nature and are based upon provisions of the Texas version of the Uniform Commercial Code (the "UCC"). In short, Mikron has never explained its defenses in any detail – either legally or

factually – and did not attempt to explain its legal or factual positions during the hearing on the Motion.[2] And, while Mikron's counsel was apparently present at the hearing on the Motion,[3] such counsel made no appearance on the record. Rather, the Trustee's counsel was left to explain Mikron's position, which is awkward at best, since the Trustee must be prepared to proceed forward with the litigation if the proposed settlement is not approved.

Second, the Trustee's position in the litigation has been fairly well developed, since the Trustee has filed the Summary Judgment Motion and a brief in support of that motion. At this point, the Trustee's position seems relatively straight-forward. According to the Trustee, the Note is unconditional on its face, notwithstanding the Sandwith Claimant's contention that it was a stand-by note. Moreover, there is nothing expressly stated in the Note that would suggest that Mikron executed the Note in a capacity other than as a co-maker of the Note, notwithstanding its contention that it should be considered an accommodation party under the UCC. In addition, if the Sandwith Agreements are enforceable as written, as the Trustee contends in the Summary Judgment Motion, various of Mikron's defenses will fail as a matter of law, as those agreements required the Sandwith Claimants to acknowledge that the Debtor did not engage in the practice of law and that their fee payments to the Debtor were not refundable under any circumstances. The Sandwith Claimants also released and indemnified the Debtor from all disputes and claims regarding the valuation of the property used to calculate the Debtor's fees in the Sandwith Agreements. Finally, all parties appear to agree that when Mikron merged with a Quanex subsidiary, a $6 million escrow was created to

---

[2]The best explanation of Mikron's defenses are stated in its arbitration demand. *See* Trustee Exh. 15 at p. 4. However, the defenses are summarized there in slightly over 1 page, still a very terse statement of the defenses, with virtually no explanation or legal citation.

[3]Counsel for the Trustee represented to the Court that counsel for Mikron and the Sandwith Claimants was in the courtroom.

**Memorandum Opinion and Order**                                                                                           **Page 6**

insure payment of the Note. While this cash escrow is not sufficient to pay the Note in full, given the delay and continuing interest accruals on the Note, collection of at least this amount of the Note is assured if the Trustee prevails in the litigation.[4]

Third, if the Trustee succeeds in his claims against Mikron, the Sandwith Claimants' proofs of claim will not be allowable against the estate either for the following reason. For the Trustee to succeed on his claims against Mikron, the Court must reject Mikron's contention that the Note is a conditional or stand-by note. Implicit in the Court's rejection of the conditional nature of the Note, is the rejection of the Sandwith Claimants' contention that they overpaid fees to the Debtor and are entitled to a refund of fees.

Finally, the release of all claims against Mikron and the Sandwith Claimants without a corresponding reciprocal release of all of their claims is problematic. Certain of the parties that the Sandwith Claimants have "carved out" of their release, including Kornman, may have indemnification agreements with the Debtor. So, after settling with Mikron and the Sandwith Claimants on a significantly discounted basis, the Trustee could well face indemnification claims asserted by parties who the Sandwith Claimants retained the right to pursue under their proposed compromise with the Trustee.

Based upon the evidentiary record made at the hearing on the Motion, the Court is simply unable to assess for itself the alleged "complexities" of the litigation. While the Court respects the Trustee and the Trustee's counsel,[5] without further development of Mikron's defenses and the legal

---

[4] There is no evidence to suggest that collection of the remaining amount of the Note would be difficult either.

[5] Several creditors appeared through counsel at the hearing on the Motion and, while stating that they knew very little about the merits of the litigation with Mikron and the Sandwith Claimants, expressed their support of the Trustee's judgment and, accordingly, the proposed settlement. While the Court is pleased that these

**Memorandum Opinion and Order**     **Page 7**

and factual issues attendant to those defenses, the Court is unable to properly assess how Mikron's defenses affect the Trustee's probability of success in the litigation.[6] Accordingly, the discount being provided to Mikron off the outstanding amount of the Note seems unreasonable.[7] This is particularly true given the relative ease of collection of the Note, if the Trustee were to prevail in the litigation.

### III. Conclusion

For these reasons, the Motion cannot be approved. Accordingly, the Motion is denied.

**SO ORDERED**.

### End of Order ###

---

creditors trust the Trustee's judgement (particularly impressive given the fact that the Trustee has objected to each of these creditors' claims in the Case), the support of these creditors does not satisfy the Court's independent obligation to evaluate the reasonableness of the settlement based upon the "probability of success" and the "complexity and likely duration of the litigation," among other things.

[6] Moreover, while there could be a delay in collection, as there always is in litigation, that "problem" is largely irrelevant here. Unfortunately, the Case is nothing but litigation – and distributions to the Debtor's legitimate creditors will likely be delayed for years in any event.

[7] The Court is not saying that it has concluded that the Trustee will prevail in the litigation with Mikron and the Sandwith Claimants, or that the Summary Judgment Motion should be granted. Rather, the Court is saying that without further briefing and explanation of Mikron's defenses to the collection of the Note, the Trustee's legal rights seem stronger than this proposed settlement recognizes. In other words, at this time it appears to the Court that the estate is not receiving sufficient consideration for the release of its claims against Mikron and the Sandwith Agreement Parties.